UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULVIO CASTILLO GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Defendants. | Case No. 26-cv-01790-NW<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 2 |

On March 2, 2026, Petitioner Fulvio Castillo Gomez, a 57-year old man with no criminal history in any country, who has lived in the United States for more than 20 years and has a pending U visa application, was arrested and detained without warning by Immigration and Customs Enforcement ("ICE") officers. The Court has no information that officers had a warrant to arrest Mr. Gomez, nor is the Court aware of any exigent basis for Mr. Gomez's arrest.

Mr. Gomez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that he is being unlawfully confined in violation of the Constitution and laws of the United States. The Court finds that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioner is likely to succeed on the merits of his claims.

The Court GRANTS Petitioner's Ex Parte Motion for Temporary Restraining Order to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that the United States **IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, MARCH 3, 2026, BY 2:00 P.M.**

## I. BACKGROUND

Petitioner Gomez is a 57-year-old native of El Salvador. Petitioner lives with his wife in Napa, California. He owns a cleaning business, where he employs four people. Petitioner pays taxes.

Petitioner was arrested by ICE officers at around 1:30 p.m. on Monday, March 2, 2026, in the parking lot outside a Wells Fargo Bank branch in Napa, California. To the Court's knowledge, the officer provided neither an arrest warrant nor an explanation for his arrest.

In his declaration, Petitioner's counsel stated that ICE transported Petitioner to 630 Sansome Street in San Francisco. At 10:24 p.m. on March 2, 2026, this Court (Chhabria, J.) ordered that "the government is prohibited from deporting the petitioner or removing him from the district while the TRO application is pending." ECF No. 3.

Petitioner entered the United States in 2005. He was initially apprehended by Respondents at the border when he first arrived and was then released after a determination that he was not a danger to the community nor a flight risk. Petitioner has a pending U visa application. His wife is seeking asylum on account of domestic violence experienced in her native country. Petitioner is also listed on his wife's pending asylum petition.

Petitioner suffers from high blood pressure, for which he takes daily medication. He did not have his medication with him at the time he was arrested and therefore does not have access to that medication now. Petitioner's wife is in treatment for breast cancer and recently had surgery. Petitioner is his wife's primary caretaker. Because she does not drive, Petitioner takes his wife to all her medical appointments.

## II. ANALYSIS

The Court has reviewed Mr. Gomez' petition. To the Court, it is again inexplicable that a person such as Mr. Gomez has been detained by ICE in this manner. Mr. Gomez is a 57-year-old man who has been here since 2005 and has no criminal history has been arrested and detained without a warrant and without a hearing. The Court finds that the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner's attorney has detailed specific facts showing that immediate and

irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

The Court finds that Petitioner has shown at least that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

This Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id*. at 335—require that Petitioner be immediately released from custody, and that he be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioner has a substantial private interest in remaining out of custody, which would allow him to take his medications, care for his wife, continue to run his business, and provide for his family. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

The Court also notes that Petitioner has presumably been held at 630 Sansome Street in San Francisco for more than 12 hours, which is independently concerning. This Court (Pitts, J.) has recognized that "hold rooms in [630 Sansome Street] 'are primarily used for . . . short-term confinement,'" and have "a maximum overnight capacity of ten people and three small cells with a maximum overnight capacity of one person each." *Pablo Sequen v. Albarran*, No. 25-cv-06487-PCP, 2025 WL 3283283, at *29 (N.D. Cal. Nov. 25, 2025) (holding that if a person is "held overnight or for more than 12 hours" in immigration detention at 630 Sansome Street, Respondents are required to provide "a bed, including a mattress and clean bedding (blanket,

3

sheet, and pillow), and provide additional blankets when requested"; "sufficient space to sleep"; dim the lights to sleep; maintain comfortable temperatures; and "[p]rovide prompt access to over-the-counter pain medication and, for any [appropriate class] member with a prescription for medication, the right to possess, receive, and retain their prescribed medication on their person at all times" among other requirements). If Petitioner was held at 630 Sansome Street for more than 12 hours, Respondents must inform the Court whether it complied with the requirements set forth above.

### III. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, MARCH 3, 2026, BY NO LATER THAN 2:00 P.M.** Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker. Petitioner shall not be deported, removed, or otherwise transferred outside the United States or this District until further Order of this Court.
- Respondents shall answer or otherwise respond to the Petition no later than March 9, 2026 at 5:00 p.m. Respondents are **DIRECTED** to address in their response why their actions are not enjoined and in direct violation of this Court's and other recent decisions by courts around the nation, including the preliminary injunction issued in *Garro Pinchi v. Noem*, No. 25-cv-05632 PCP, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025).
- In addition, **by no later than 5:00 p.m. TODAY, MARCH 3, 2026**, Respondents are **DIRECTED** to file a status report to the Court providing the exact time and

location Petitioner was released today, March 3, 2026. If Petitioner was held at 630 Sansome Street for more than 12 hours, Respondents must also inform the Court whether it complied with every requirement in this Court's order in *Pablo Sequen v. Albarran*, as to Mr. Gomez's conditions of confinement.

- If Petitioner seeks to provide a reply or further documentation to the Court, Petitioner may do so by March 11, 2026, at 5:00 p.m.

- The Court will hold a hearing on Petitioner Gomez's motion on **FRIDAY, MARCH 13, 2026, at 10:00 a.m.** The hearing will be conducted via Zoom video conference.

- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until March 13, 2026, at 8:00 p.m.** The Clerk of the Court shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: March 3, 2026, 10:15 a.m.

Noël Wise
United States District Judge